J. Raymond Amyot, J.
From the petition and affidavit submitted in support of this article 78 proceeding, it appears that on August 30, 1975 the petitioner was arrested and charged with driving while intoxicated. He refused to submit to the chemical test provided for by subdivision 1 of section 1194 of the Vehicle and Traffic Law. Prior to such refusal, however, he did not receive the warning required by subdivisions 2 and 4 of that same section, to the effect that a refusal to submit to the test could result in the revocation of his license. A motor vehicle hearing was held on June 7, 1976 at which the arresting officer testified that he read to the petitioner only the first sentence of the warning but that at no time prior to the petitioner’s refusal to take the test was the *986 warning given in full. The possible consequences of such refusal were not brought to the attention of the petitioner. At the close of the testimony the hearing officer found that the petitioner refused to take the test and that he had waived his right to the warning. His license was thereupon revoked and surrendered. A stay of enforcement pending appeal was requested by the petitioner but was denied by the referee. On June 18, 1976 pursuant to section 262 of the Vehicle and Traffic Law, an appeal was filed with the Administrative Appeals Board and a stay of enforcement was again requested. By formal order dated July 16, 1976 the petitioner was notified that his license was revoked following the hearing of June 7, 1976. That order provided: "CAUSE: Refusal to submit to a Chemical Test for the purpose of determining the alcoholic content of your blood on 8/30/75 at Fulton City. (189) 'Stay pending appeal denied’ ”,
The petitioner now seeks a review of the respondent’s refusal to stay the enforcement of the revocation order and the return of his license pending determination of his appeal within the department.
The respondent has served no answer and has filed no affidavits in opposition to the motion but has submitted a brief to which is attached as an exhibit the petitioner’s uncertified driving record which reflects that during the six years prior to the revocation in question the petitioner had been charged on several occasions with various motor vehicle violations including driving while intoxicated. Based on that driving record the respondent contends that the refusal to grant the stay of enforcement was not an abuse of discretion but rather was founded on rational basis. Even if this argument is valid it is not supported by proof that the stay was refused because of the petitioner’s record. The denial of the stay is contained in the order of revocation which refers only to the refusal to submit to a test. No reference is made to the petitioner’s driving record nor was that given by the hearing referee or the commissioner as the basis for denying the stay. There is no showing that the record was even considered.
It appears likely that the petitioner will succeed on his appeal of the revocation. The section providing for the warning (Vehicle and Traffic Law, § 1194, subd 2) is clear and unequivocal. It mandates "sufficient warning, in clear and unequivocal language.” Subdivision 4 of the same section provides that there shall not be a revocation for refusal to *987 submit to the test unless the hearing officer is satisfied that the required warning was given prior to the refusal to take the test. Here, it is uncontroverted that the warning was not given at any time before or after the petitioner’s refusal to submit to the test.
The respondent argues not that the required warning was given prior to refusal, but that the petitioner waived his right to the warning. There is no provision in the statute for such waiver and even assuming that a licensee may waive that right, there is nothing before the court to establish or even to suggest that, in fact, there was such waiver by the petitioner.
The respondent without pleadings or proof argues that he acted within his authority and exercised his discretion on a reasonable and rational basis. In effect, the revocation which is proscribed by subdivision 4 of section 1194 of the Vehicle and Traffic Law is now validated and remains effective by virtue of the refusal to stay its enforcement although, by the respondent’s own argument, that refusal to stay was based on derogatory evidence not within the framework of the charge pending against the petitioner and upon which he has been given no opportunity to be heard.
Refusal to stay enforcement pending appeal of a revocation, which on its face cannot be sustained, is arbitrary and capricious. It must be vacated. Perhaps the petitioner’s driving record would justify suspension or revocation of his license as an habitual or persistent violator (Vehicle and Traffic Law, § 510, subd 3, par [d]), but the hearing which resulted in the revocation of petitioner’s license was for refusal to submit to a chemical test, not because of his driving record. The revocation following a hearing on one charge cannot be perpetuated based upon other grounds on which there has been no charge and no hearing.
The petitioner is entitled to a stay of enforcement of the order of revocation and to the restoration of his license pending determination of his appeal.